TOLEDO TRUST COMPANY *v.* COLE, APPELLEE, ET AL.; BARCLAYS-AMERICAN/FINANCIAL SERVICES, INC., APPELLANT.

(No. 13-83-11 — Decided February 21, 1986.)

*John D. Noble,* for appellee.

*Steven S. Kaufman,* for appellant.

*Steve C. Shuff,* prosecuting attorney, for Seneca County Treasurer.

MILLER, J. This is an appeal by defendant BarclaysAmerican/Financial Services, Inc., f.k.a. Capital Financial Services, Inc. #02, hereinafter "Barclays," from a judgment of the Court of Common Pleas of Seneca County which granted judgment for Barclays and against defendants Gerald M. Cole and Janis E. Cole for $14,371.78, but declared Barclays' mortgage as asserted herein to be of no validity and ordered the mortgage cancelled of record.

Plaintiff, the Toledo Trust · Company, brought its action to foreclose a mortgage executed by Gerald M. Cole and Janis E. Cole. The complaint alleged that "Ronald D. Cole may have or claim to have some interest in or lien upon the premises which are [*sic*] the subject of this action" by reason of a land contract under which he is purchasing the premises from Gerald M. Cole and Janis E. Cole, and that defendant Capital Financial Services "may have or claim to have some interest or lien upon the premises which are [*sic*] the subject of this action" by reason of a certain mortgage from Gerald M. Cole and Janis E. Cole.

A consent judgment was later entered in favor of the Toledo Trust Company, its mortgage ordered foreclosed and the property subsequently sold. This action concerns only the rights and priorities of Ronald D. Cole and Barclays in the foreclosure proceeds.

Barclays filed an answer and cross-claim to the complaint of the Toledo Trust Company generally denying the allegations of plaintiff's complaint for lack of knowledge and asserting that it had an interest in the property by virtue of its note and mortgage from Gerald M. Cole and Janis E. Cole dated May 7, 1980, attaching a copy of the note and mortgage as exhibits to the answer and cross-claim.

Ronald D. Cole filed his answer and cross-claim to the complaint of plaintiff also generally denying the allegations of the complaint and asserting that he had an interest in the property as a result of his land contract with Gerald M. Cole and Janis E. Cole dated October 19, 1979, and recorded November 28, 1979, attaching a copy of the land contract as Exhibit A. He sought judgment against Gerald M. Cole and Janis E. Cole for $53,000, a determination that his land contract be declared a valid and existing first lien on the property, that the property be sold, and that the proceeds of sale be paid over to him to satisfy the amounts owed him as a result of payments under the land contract and improvements made to the property.

Thereafter Barclays filed an answer to the cross-claim of Ronald D. Cole setting forth its note and mortgage, attaching copies of the note and mortgage as exhibits, denying that its interest was inferior to that of Ronald D. Cole and denying all other allegations of Cole's cross-claim.

Barclays filed a motion for summary judgment against defendants Gerald M. Cole, Janis E. Cole and Ronald D. Cole upon all issues of its cross-claim supported by an affidavit of Jon Cuchsey

setting forth its note and mortgage and attaching copies thereof to its affidavit.

Barclays also filed a memorandum in support of its motion for summary judgment.

Ronald D. Cole filed his motion to dismiss the motion of Barclays for summary judgment and for summary judgment in his favor declaring Barclays' mortgage to be null and void and vacating the mortgage as a lien against the property. Ronald D. Cole also filed a memorandum in support of his motions, but filed no evidentiary documents in support thereof.

The trial court entered its judgment as follows:

"It is therefore ORDERED, ADJUDGED and DECREED:

"That the mortgage of Barclays' American Financial, Inc., must fail as to Defendant Ronald D. Cole and as against the subject property and is hereby declared of no validity and is ordered cancelled of record by the Clerk of Courts.

"That Barclays' American Financial, Inc., have Judgment against Defendants Gerald M. Cole and Janis E. Cole in the amount of Fourteen Thousand Three Hundred Seventy-one and 78/100 ($14371.78) Dollars plus legal interest from June 22, 1982."

Barclays appeals from the above judgment setting forth four assignments of error.

Assignment of error number one:

"The trial court erred by denying defendant Barclays' motion for summary judgment in contravention of Rule 56 of the Ohio Rules of Civil Procedure."

Assignment of error number two:

"The trial court erred by granting defendant Ronald Cole's motion for summary judgment in contravention of Rule 56 of the Ohio Rules of Civil Procedure."

Assignment of error number three:

"The trial court erred in declaring the Barclays' mortgage invalid since the weight of authority in Ohio recognizes the validity of such a mortgage."

Assignment of error number four:

"The trial court erred in finding that Ohio Revised Cole Section 5313.02(B) rendered the Barclays' mortgage invalid."

R.C. 5313.02(B) provides in pertinent part that:

"No vendor shall place a mortgage on the property in an amount greater than the balance due on the contract without the consent of the vendee."

It is the contention of Ronald D. Cole that, in mortgaging the property to Barclays subsequent to his land contract, Gerald M. Cole and Janis E. Cole placed a mortgage on the property in an amount greater than the balance due on the contract without the consent of Ronald D. Cole thereby rendering Barclays' mortgage null and void.

It is obvious from the above statute that Gerald M. Cole and Janis E. Cole were, by the statute, precluded from mortgaging the property beyond the balance due on the land contract. However, assuming they have done so, does the statute render Barclays' mortgage without effect as to Ronald D. Cole?

A land contract shall be recorded in the county in which the premises are situated. R.C. 5301.25(A). A land contract shall contain a provision that the vendor shall cause a copy of the contract to be recorded (R.C. 5313.02[A][14]) and the vendor shall, within twenty days after the contract has been signed, cause a copy thereof to be recorded as provided in R.C. 5301.25. Such recording constitutes constructive notice of the existence of the land contract.

Civ. R. 56(B) and (C) provide as pertinent:

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may at any time, move *with or without supporting affidavits* for a summary judg-

ment in his favor as to all or any part thereof. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court.

"The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the *pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action,* show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *No evidence or stipulation may be considered except as stated in this rule.* A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *" (Emphasis added.)

It is evident that all evidentiary items set forth in Civ. R. 56(C) and timely filed in the action are to be considered on the motion for summary judgment.

It is also parenthetically noted that unsworn memoranda are not evidentiary items properly before the court on a motion for a summary judgment.

Here the evidentiary matters properly before the court for consideration on the motion for summary judgment including the pleadings and affidavits timely filed in the case would indicate that Gerald M. Cole and Janis E. Cole mortgaged the property in question to Toledo Trust Company's predecessor on August 10, 1977 to secure a note in the amount of $40,000; that the land contract was entered into on October 19, 1979, recorded on November 28, 1979 and the purchase price was agreed to be $36,768.88 payable in monthly installments of $393.90, with vendee assuming vendor's mortgage payments; that on May 7, 1980, Gerald M. Cole and Janis E. Cole executed a mortgage to Barclays on the property to secure a note in the amount of $14,873.59; and that on June 16, 1982, there remained the unpaid balance of $32,432.97 on the note and mortgage to Toledo Trust Company, which represented the balance due on the land contract.

It is thus established that, when Gerald M. Cole and Janis E. Cole executed their note and mortgage to Barclays, that mortgage encumbered the property in an amount greater than the balance due on the land contract in contravention of R.C. 5313.02(B).

Although R.C. 5313.02(B) does not specifically declare the rights of a mortgagee when the land contract vendor has executed to the mortgagee a mortgage in excess of the balance of the purchase price remaining due from the land contract vendee, it is obvious that such a mortgagee, with actual or constructive notice of the land contract, cannot, as to the vendee, acquire any right in the premises subject of the mortgage, inconsistent with the rights of the vendee therein, other than remained in the mortgagor-vendor as to such vendee. Thus, applied to the facts herein, since the first mortgage given by Gerald M. Cole and Janis E. Cole to the predecessor of the Toledo Trust Company was, at the time the said Coles executed their mortgage to Barclays, already equivalent to the balance due under the land contract on the purchase price, Barclays, having at least constructive notice of the land contract could not by virtue of the mortgage so executed acquire any lien on the land inconsistent with Ronald D. Cole's equitable title to

the premises under the provisions of his land contract of purchase. Accordingly, Ronald D. Cole's interests in and title to the premises, or the proceeds thereof, were not limited in any way by the debt of Gerald M. Cole and Janis E. Cole to Barclays or by the mortgage on the land contract premises purporting to secure that debt.

We thus conclude that there was no genuine issue of material fact; that Ronald D. Cole was entitled to judgment as a matter of law; and that reasonable minds could come to but one conclusion, that conclusion being adverse to Barclays. See *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66 [8 O.O. 3d 73].

It appearing that Ronald D. Cole was entitled to judgment as a matter of law, it necessarily follows that Barclays was not prejudiced by the trial court's denying its motion for summary judgment.

Assignments of error numbers one, two, three and four are not well-taken.

Finding no error of the trial court prejudicial to appellant Barclays as assigned and argued, we affirm the trial court's judgment.

*Judgment affirmed.*

GUERNSEY, P.J., and KERNS J., concur.

KERNS, J., of the Second Appellate District, sitting by assignment in the Third Appellate District.