McKENZIE, Appellant,

v.

DUALITE, INC., Appellee.

[Cite as *McKenzie v. Dualite, Inc.* (1992), 81 Ohio App.3d 847.]

Court of Appeals of Ohio,
Brown County.

No. CA92–03–005.

Decided July 27, 1992.

*Michael P. Kelly*, for appellant.

*Thomas J. Slone*, for appellee.

KOEHLER, Judge.

Plaintiff-appellant, Robert McKenzie, appeals a decision of the Brown County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Dualite, Inc. ("Dualite").

On October 23, 1988, McKenzie was injured in an automobile accident. At that time, he was an employee of Dualite and was covered under Dualite's employee group benefit plan. Under the plan, Dualite paid $33,087.13 for McKenzie's medical bills.

The group benefit plan provides in pertinent part:

"If you are injured and have the right to recover the cost of your hospital, medical or dental care or receive loss-of-income payments from any person or organization, this PLAN may recover from you the amount of any benefits which we have paid in connection with that injury."

Additionally, on September 9, 1989, McKenzie signed a reimbursement agreement which states in pertinent part:

"I hereby agree to reimburse the PLAN [to] the extent of any health benefits paid for the injury or illness by any third person, corporation or insurance company whether said benefits are paid by formal court award, informal compromise, redemption agreement or otherwise."

McKenzie received insurance settlements totaling $100,000: $25,000 from the tortfeasor's insurance and $75,000 from his own underinsured motorist coverage. Out of that settlement, McKenzie paid his attorney a fee of $33,333.33 and incurred litigation related expenses of $3,043.19. Of the total $33,087.13 McKenzie received under the plan, he has reimbursed Dualite $16,667.

On April 29, 1991, McKenzie filed a complaint for declaratory judgment, demanding that Dualite's recovery be limited to $25,000, the tortfeasor's

insurance limits, minus one third representing attorney fees paid on that amount by McKenzie. In the alternative, McKenzie asked for a declaration that if Dualite was entitled to the entire $33,087.13, that amount should be reduced by one third as a setoff for attorney fees.

Both parties filed motions for summary judgment. On February 19, 1992, the trial court granted Dualite's motion for summary judgment and dismissed McKenzie's declaratory judgment action with prejudice. This appeal followed.

McKenzie presents a single assignment of error for review in which he states that the trial court erred in granting Dualite's motion for summary judgment. He argues that principles of equity and fair dealing should be invoked to allow for a proportional reduction in the amount recoverable by Dualite. We find this assignment of error is not well taken.

An insurance policy is a contract and the relationship between the insurer and the insured is purely contractual. *Nationwide Mut. Ins. Co. v. Marsh* (1984), 15 Ohio St.3d 107, 109, 15 OBR 261, 262, 472 N.E.2d 1061, 1062. When the provisions of an insurance policy are clear and unambiguous, courts may not indulge themselves in enlarging the contract by implication in order to embrace an object distinct from that contemplated by the parties. *Gomolka v. State Auto. Mut. Ins. Co.* (1982), 70 Ohio St.2d 166, 167–168, 24 O.O.3d 274, 436 N.E.2d 1347, 1347–1349. In *Provident Life & Acc. Ins. Co. v. Thomas* (Nov. 25, 1991), Butler App. No. CA91–05–083, unreported, 1991 WL 247541, a case involving similar facts and similar policy language, this court concluded that the policy language was clear, that there were no issues of material fact and that the trial court properly granted summary judgment in favor of the insurer. Accordingly, on the authority of *Thomas, supra,* we conclude that the unambiguous contract language, which requires McKenzie to repay the entire amount of benefits he received without qualification, must be followed and the trial court did not err in granting summary judgment in favor of Dualite. See *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.

Accordingly, McKenzie's sole assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG, J., concurs.

JONES, P.J., dissents.

JONES, Presiding Judge, dissenting.

The trial court erred in granting summary judgment under the unusual facts of this case. The group benefit plan provided the following:

"If you are injured and have the *right to recover* the cost of your hospital, medical or dental care or receive loss-of-income payments from any person or organization, this PLAN may recover from you the amount of any benefits which we have paid in connection with that injury." (Emphasis added.)

The emphasized portion of such plan clearly contemplates recovery from a third party to compensate appellant for injuries caused by a tortfeasor. Appellant's "right to recover" in this case would have produced a fund of only $25,000, but even then only if appellant retained an attorney and successfully pursued the tortfeasor, proving his "right to recover," both as to liability and damages. In the real world it is clear that appellant would have been required to pay his retained attorney, and would have netted considerably less than the sum of $25,000 available from the person who caused his injuries. In the case *sub judice*, appellant was required to pay one third to his lawyer, and therefore netted only $16,667. He paid the entire balance to appellee.

Fortunately, however, by virtue of his own foresight and payment of an insurance premium, appellant owned a liability insurance policy which provided him with coverage of an additional $75,000 if the tortfeasor who injured him was underinsured. Such recovery was *not* from the tortfeasor, and the usual rules of subrogation, whereby one is substituted in the place of another so that he succeeds or is "subrogated" to the rights of the other, are simply not applicable.

The Dualite health insurance plan agreement was simply a conventional subrogation agreement, *i.e.*, one "premised on the contractual obligations of the parties." *State v. Jones* (1980), 61 Ohio St.2d 99, 101, 15 O.O.3d 132, 133, 399 N.E.2d 1215, 1217. In determining the parties' subrogation rights under an insurance contract, the usual rules of contractual interpretation apply. See *U.S. Patriot Life Ins. Agency, Inc. v. Swesey* (June 23, 1989), Trumbull App. No. 4007, unreported, 1989 WL 70070. Thus, any ambiguous language should be construed against the insurer. *Id.; Sterling Merchandise Co. v. Hartford Ins. Co.* (1986), 30 Ohio App.3d 131, 137, 30 OBR 249, 255, 506 N.E.2d 1192, 1198.

The plan does not specify whether the "cost" which one has the right to recover includes the gross cost or is limited to that amount which is actually recovered after subtracting the expense of obtaining said recovery. In this respect, I would distinguish *Provident Life & Acc. Ins. Co. v. Thomas* (Nov. 25, 1991), Butler App. No. CA91–05–083, unreported, 1991 WL 247541, on the basis that *Thomas* fails to specify whether the "full settlement" for which the insurance company requested reimbursement included the insured's expenses of recovering from the tortfeasor. The language in the case *sub judice* is not so clear or unambiguous as the majority claims and I would construe such

against appellee. Accordingly, appellee's right to reimbursement is limited to any amount actually recovered from the tortfeasor against whom appellant had a "right to recover." Appellant "recovered" only $16,667 from such tortfeasor.

The trial court's decision will be a blessing to the negligent driver and a blow to the innocent victim and his medical insurance carrier. Assume a scenario in which A incurs $33,000 in medical expenses as the result of an automobile accident with B. Assume further that B's liability is questionable, and it is known that B's financial responsibility is limited to $25,000. Assume further that C, A's medical provider, is entitled to be reimbursed by A for any recovery against B. Given such facts, is there any possible reason A should retain an attorney and pursue B? Obviously not! If the decision in the trial court is correct, B is free as a bird while neither A nor C recovers a penny.