OPINION
{¶ 1} Plaintiffs-appellants, Rolf and Carol Hofle, appeal a decision of the Warren County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Avis Rent-A-Car System, Inc. ("Avis") and The Continental Casualty Company ("Continental").
 {¶ 2} In 1994, Rolf Hofle, a resident of New Jersey, entered into a Preferred Renter Agreement with Avis in New Jersey. As part of the Preferred agreement, Rolf Hofle purchased Additional Liability Insurance ("ALI") which provided additional liability insurance in the amount of one million dollars. The ALI coverage was provided under a policy issued by Continental to Avis. On November 14, 1998, Rolf Hofle rented an automobile from Avis at the Greater Cincinnati Airport in Boone County, Kentucky. A rental agreement for the automobile was generated and delivered to appellants at the airport. The next day, appellants were seriously injured in a one car accident while traveling in Warren County, Ohio.
 {¶ 3} On November 15, 2000, appellants filed a complaint[1]
for, inter alia, declaratory judgment, asking the trial court to declare the rights and responsibilities of appellees with respect to uninsured/underinsured motorist ("UM/UIM") coverage. Appellants alleged that under Ohio law, Carol Hofle was entitled to UIM coverage up to one million dollars under Continental's policy. Appellants also alleged that Avis breached its duty of good faith and fair dealing in its handling of appellants' UIM claim. Appellees filed a joint motion for summary judgment on the ground that Kentucky law applied and that as a result, Carol Hofle was not entitled to UIM coverage. Appellants filed a cross-motion for summary judgment.
 {¶ 4} By entry filed June 11, 2002, the trial court granted appellees' motion for summary judgment, overruled appellants' cross-motion for summary judgment, and dismissed appellants' claims against appellees with prejudice. The trial court found that under the facts of the case, Kentucky law applied and that as a result, appellants were not entitled to UIM coverage. This appeal follows.
 {¶ 5} In their sole assignment of error, appellants argue that the trial court erred in its choice of law analysis and by granting summary judgment in favor of appellees. Appellants assert that because the rented vehicle was driven almost exclusively in Ohio, Ohio law applies. Alternatively, appellants assert that in light of the facts that they are New Jersey residents and that the Preferred agreement was negotiated and entered in New Jersey, New Jersey law applies.
 {¶ 6} Civ.R. 56(C) provides in part that summary judgment shall be rendered where (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66.
 {¶ 7} An appellate court's standard of review on appeal from a summary judgment is de novo. Burgess v. Tackas (1998), 125 Ohio App.3d 394, 296. An appellate court reviews a trial court's disposition of a summary judgment motion independently and without deference to the trial court's judgment. Id. In reviewing a summary judgment disposition, an appellate court applies the same standard as that applied by the trial court.Midwest Ford, Inc. v. C.T. Taylor Co. (1997), 118 Ohio App.3d 798, 800.
 {¶ 8} It is well-established that an action by an insured against his or her insurance carrier for payment of UIM benefits is a cause of action sounding in contract, rather than tort, even though it is tortious conduct that triggers applicable contractual provisions. Landis v. GrangeMut. Ins. Co., 82 Ohio St.3d 339, 341, 1998-Ohio-387. Where, as in the case at bar, there is no express choice of law made by the parties, "[q]uestions involving the nature and extent of the parties' rights and duties under an insurance contract's [UIM] provisions, and the choice-of-law issue are resolved by applying Section 188 of the Restatement of the Law 2d, Conflict of Laws (1971)." Ohayon v. SafecoIns. Co. of Illinois, 91 Ohio St.3d 474, 2001-Ohio-100, paragraph two of the syllabus. Section 188(1) provides that the parties' rights and duties under a contract are "determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties[.]" Restatement at 575. To assist in making this determination, Section 188(2)(a) through (e) specifically provides that courts should consider the place of contracting, the place of negotiation of the contract, the place of performance, the location of the subject matter of the contract, and the domicile, residence, nationality, place of incorporation, and place of business of the parties. Id.
 {¶ 9} In Ohayon, the Ohio Supreme Court also found that rights created by an insurance contract should also be determined "by the local law of the state which the parties understood was to be the principallocation of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship * * * to the transaction and the parties." Ohayon at 479, quoting Restatement of Conflicts at 610, Section 193 (emphasis sic). "An insured risk, namely the object or activity which is the subject matter of the insurance, has its principal location * * * in the state where it will be during at least the major portion of the insurance period." Restatement at 611, Section 193, Comment b. The court noted how "[t]he principal location of the insured risk described in Section 193 neatly corresponds with one of Section 188's enumerated factors — thelocation of the subject matter of the contract." Ohayon at 480 (emphasis sic).
 {¶ 10} Applying Sections 188 and 193 of the Restatement to the facts of the case, we find that Kentucky law applies. We first disagree with appellants' assertion that Ohio law applies. Although the accident took place in Ohio, appellants' declaratory judgment action for UIM coverage is an action sounding in contract, not in tort. See Mayfield v.Chubb Ins. Co., Stark App. No. 2001CA00244, 2002-Ohio-767. While it is undisputed that the rented vehicle was almost exclusively driven in Ohio, "the place of performance can bear little weight in the choice of the applicable law when * * * (2) performance by a party is to be divided more or less equally among two or more states with different local rules on the particular issue." Restatement at 580, Section 188, Comment e. In addition, "[t]he issue is the state in which the vehicle was principally garaged at the time of contracting[,] not at the time of any subsequent accident." Estate of Ralston v. Metro. Prop. Cas. Ins. Co.,146 Ohio App.3d 630, 2001-Ohio-3478, at ¶ 15. The record shows that the rented vehicle was principally garaged in Kentucky at the airport. Ohio law, therefore, does not apply.
 {¶ 11} Appellants also assert that if Ohio law does not apply, then New Jersey law applies because appellants are both New Jersey residents and the Preferred agreement was negotiated and entered in New Jersey.
 {¶ 12} We agree that the Preferred agreement was negotiated and entered in New Jersey. However, we do not believe that the application of Sections 188 and 193 was triggered by the Preferred agreement. Rather, it was triggered by the rental agreement generated and delivered to appellants at the airport in Kentucky. The purpose of the Preferred agreement is clearly to provide a convenient outlet for persons who rent a car on a frequent basis, by having, inter alia, the customer's credit card number and signature on file. However, while the Preferred agreement governs the customer's and Avis' contractual obligations whenever the customer rents a car, such agreement remains virtual, so to speak, until the customer actually rents a specific vehicle at a specific Avis agency in a specific state. Indeed, the Preferred agreement does not and cannot list the specific car being rented, the location of delivery and return of the car, or the applicable rates for that particular car, that is, the specific terms of the contract.
 {¶ 13} By contrast, the rental agreement generated and delivered to appellants on November 14, 1998 at the airport in Kentucky set forth the specific terms of the contract. While setting forth rental terms and conditions similar to the rental terms and conditions in the Preferred agreement, the rental agreement also specifically sets forth the make of the vehicle, the dates and the place of delivery and return of the vehicle, and the applicable rates, including a surcharge for a Boone County, Kentucky license fee. But for the rental transaction and its rental agreement, appellants could not have rented a vehicle on November 14, 1998.
 {¶ 14} We find that the very terms of the Preferred agreement support our position. Paragraph five of the agreement provides that "I [the customer] agree to make a reservation for each Preferred service rental transaction at least 24 hours prior to the time of rental, and to inform the reservation agent that this will be a Preferred service rental transaction." With regard to rental charges, paragraph six states in part that "[i]n some jurisdictions, where permitted, an airport concession fee may be added." Finally, paragraph seven states that "[t]he rental commences when I receive the keys to the designated car from an Avis rental representative or when I drive the designated car to the gate and show my valid driver's license to the Avis employee or guard on duty at the time."
 {¶ 15} In addition to the foregoing, an affidavit of a Claims Specialist at Avis states that "[e]ach rental agreement triggers a separate rental transaction, even for renters with a preferred renter status pursuant to a Preferred Renter Agreement." Likewise, the affidavit of Ron Olechowicz, a maintenance manager at the Avis agency at the airport in Kentucky, states that "[e]ach rental triggers a separate rental agreement and rental agreement number as indicated under the `movement' heading located on the vehicle trace report."
 {¶ 16} We therefore find that New Jersey law does not apply. Rather, we find that Kentucky law applies for the following reasons. Appellants rented a vehicle in Kentucky and picked it up in Kentucky. The rental agreement, which set forth the specific terms for that rental transaction and which provided for all obligations to be met at the airport in Kentucky, was generated and delivered in Kentucky. Olechowicz's affidavit indicated that the vehicle rented by appellants was principally garaged and maintained in Kentucky. Appellants are not residents of Kentucky. Avis clearly does business in Kentucky. Estate ofRalston, 2001-Ohio-3478 at ¶ 14.
 {¶ 17} Because Kentucky law applies in determining the contractual rights of the parties in the case at bar, we now turn to the applicable Kentucky Revised Statutes ("KRS") provision. KRS 304.39-320(2) provides in relevant part that "[e]very insurer shall make available upon request to its insureds underinsured motorist coverage * * *." The statute clearly requires the insured to opt in to the underinsured motorist coverage by requesting it. See Roy v. State Farm Mut. Auto. Ins. Co.
(C.A.6, 1992), 954 F.2d 392. As the trial court found, appellants "do not contest non-coverage under Kentucky law."
 {¶ 18} We therefore find that the trial court did not err by applying Kentucky law in determining the parties' contractual rights and by granting summary judgment in favor of appellees. Appellants' sole assignment of error is overruled.
Judgment affirmed.
POWELL and VALEN, JJ., concur.
[1] The complaint was also filed against General Motors Corporation and asserted product liability claims.