HARLESS ET AL., APPELLANTS, *v.* WILLIS DAY WAREHOUSING COMPANY, INC., ET AL.; TOLEDO EDISON COMPANY ET AL., APPELLEES.

(No. 77-637—Decided April 19, 1978.)

*Messrs. Cannon, Burns, Mickel & Geller* and *Mr. Kenneth L. Mickel,* for appellants.

*Messrs. Fuller, Henry, Hodge & Snyder, Mr. Paul M. Smart, Mr. Thomas L. Darymple* and *Mr. John J. McHugh, III,* for appellee Toledo Edison Company.

*Messrs. Neipp, Dorrell & Wingart* and *Mr. Paul Wingart,* for appellee Rossbay, Inc.

*Per Curiam.* Civ. R. 56(E) provides, in relevant part: "* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Given the requirement of Civ. R. 56(E)[1] that a party

---

[1] "Fundamentally, summary judgment is governed by Civil Rule 56." *Olverson* v. *Butler* (1975), 45 Ohio App. 2d 9, 11, 340 N. E. 2d 436.

set forth specific facts showing that there is a genuine issue for trial, that party must so perform if he is to avoid summary judgment. *State, ex rel. Garfield Hts.,* v. *Nadratowski* (1976), 46 Ohio St. 2d 441, 442-43, 349 N. E. 2d 298. Unsupported allegations in the pleadings do not suffice to necessitate the denial of a summary judgment. The principal function of Civ. R. 56(E) is to enable movement beyond allegations in the pleadings, and to analyze the evidence so as to ascertain whether an actual need for a trial exists.[2]

The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment.[3]

---

[2]"An unsupported allegation in the pleadings is not sufficient to require a denial of a summary judgment. The main purpose of the summary judgment statute is to enable a party to go behind allegations in the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Cunningham* v. *J. A. Myers Co.* (1964), 176 Ohio St. 410, 413, 200 N. E. 2d 305 (explaining R. C. 2311.041[D]).

R. C. 2311.041(D) provided, in relevant part:

"* * * When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

R. C. 2311.041 has been superseded by Civ. R. 56.

[3]"The Ohio summary judgment statute was taken from Rule 56 of the Federal Rules of Civil Procedure. The federal courts have * * * established the rule that, on motion for summary judgment, the burden of establishing that the material facts are not in dispute and that no

reasonable minds could only conclude that appellants had
Construing the evidence most favorably to appellants,
presented no case for recovery from appellees. On the evidence presented with these motions for summary judgment, there obtained no genuine issue of any material fact. Appellees therefore were entitled to judgment as a matter of law.

In view of the foregoing, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, STEPHENSON, P. BROWN, SWEENEY and LOCHER, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, sitting for W. BROWN, J.

---

genuine issue of facts exists is on the party moving for the summary judgment." *Hamlin* v. *McAlpin Co.* (1964), 175 Ohio St. 517, 519-20, 196 N. E. 2d 781 (explaining R. C. 2311.041).