OLIVER–COOGLER, Appellant,

v.

TOLEDO EDISON COMPANY, Appellee.

[Cite as *Oliver–Coogler v. Toledo Edison Co.* (1992), 82 Ohio App.3d 120.]

Court of Appeals of Ohio,
Lucas County.

No. L–91–373.

Decided Aug. 21, 1992.

*Marc G. Williams–Young,* for appellant.

*Gregory T. Lodge,* for appellee.

*Per Curiam.*

This is an appeal from a judgment of the Lucas County Court of Common Pleas. On February 25, 1991, the trial court granted the motion for summary judgment of appellee, Toledo Edison Company ("Edison"), as to the claims for wrongful discharge of appellant, Brenda J. Oliver–Coogler. For the reasons discussed below, we affirm the decision of the trial court.

The undisputed facts of this case are as follows. In January 1986, Edison instituted a drug abuse policy. Oliver–Coogler, as a supervisor at Edison's Davis–Besse Nuclear Power Station, received a handbook entitled "Help and Safety Information, Alcohol and Drug Abuse Policy" (the "drug policy") and a manual entitled "Management and Supervision Guide to the Drug and Alcohol Policy" (the "management guide"). On December 15, 1986, Oliver–Coogler was randomly selected to undergo drug screening and was administered a drug test. On January 5, 1987, Edison informed Oliver–Coogler that she had tested positive for marijuana. Subsequently, Oliver–Coogler was discharged as a result of the positive drug test.

Oliver–Coogler brought the present action against Edison for wrongful discharge under a breach of contract theory as well as a promissory estoppel theory. It is from the grant of summary judgment in favor of Edison that Oliver–Coogler raises the following sole assignment of error:

"The trial court erred in granting summary judgment to the defendant-appellee and in failing to find that either: (1) the handbooks distributed by defendant-appellee in connection with implementation of its drug and alcohol abuse policy created a contract of employment; or (2) the promises and representations set forth by the defendant-appellee in said handbooks es-topped the defendant-appellee from discharging the plaintiff-appellant for the acts complained of at bar."

Under her sole assignment of error, Oliver–Coogler advances two alternative arguments as to why the trial court erred in granting summary judgment in favor of Edison. First, Oliver–Coogler argues that the trial court erred in granting summary judgment as to a claim for wrongful discharge that was premised on a theory of breach of contract. In the alternative, Oliver–Coogler argues the trial court erred in denying her claim for recovery under a theory of promissory estoppel. Under both theories of recovery, Oliver–Coogler argues that the drug policy did not permit her discharge for a positive drug test unless it was shown that her work performance was impaired or the safety of others was threatened and that she failed to respond to subsequent drug counseling.

The Supreme Court of Ohio has addressed an employer's right to discharge an employee as follows: "Unless otherwise agreed, either party to an oral employment-at-will employment agreement may terminate the employment relationship for any reason which is not contrary to law." *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 19 OBR 261, 483 N.E.2d 150, paragraph one of the syllabus. However, the terms of discharge under an employment-at-will contract may be altered by implied or express contractual provisions or by representations which fall within the doctrine of promissory estoppel. *Id.* at 103–104, 19 OBR at 263–264, 483 N.E.2d at 153–154.

In the present case, we find Oliver–Coogler's claim against her employer must fail under either a breach of contract or a promissory estoppel theory. Even assuming that the drug policy constituted a representation or promise which altered Edison's right to discharge employees at will, Oliver–Coogler has failed to demonstrate that Edison failed to abide by such policy. The drug policy provides: "The use or presence of [unlawful] controlled substances in an employee's physical system(s) will result in *disciplinary action up to and including discharge.*" (Emphasis added.) Further, the administration guide provides: "Any employee found to have a positive test result to a controlled substance, including marijuana, will be subject to discharge."

Oliver–Coogler argues that these provisions are modified by the forward to both the drug policy and administrative guide, which reads, in pertinent part, as follows:

"The utilization of either alcohol or drugs in any manner that would impact upon an employee's performance or the safety of any employee in the workplace is not acceptable. Although Toledo Edison respects the privacy of employees' activities outside the company, if those activities impact on a safe and productive work environment, we have an obligation to intercede.

"This booklet contains many facts about drugs and alcohol to help show you what many of the harmful physical and psychological effects may be. You are encouraged to review it carefully and if you believe that you are suffering from any of these difficulties, our employee assistance program is available, at no charge, to help employees through difficult situations. Our supervisors have received training in identifying the symptoms associated with the abuse of alcohol and drugs and will be instrumental in insuring that employees are fit for duty.

"Those employees who are unable to abide by our policy and do not respond to counseling risk loss of their jobs with the company."

Oliver–Coogler argues that the forward is a representation or promise that an employee may not be discharged unless a violation of the drug policy affects the employee's performance or coworkers' safety and such employee fails to respond to drug counseling.

We do not find that the more specific provision in the drug policy and administrative guide, which provides for discharge upon an employee's positive drug screening, is modified by the general wording of the forward. Reasonable minds could only conclude that Oliver–Coogler was well aware that a positive drug screen could result in her immediate discharge. Therefore, the trial court properly granted summary judgment, as a matter of law, in favor of Edison. See Civ.R. 56; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. Accordingly, the sole assignment of error is found not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.

*Judgment affirmed.*

GLASSER, P.J., MELVIN L. RESNICK and SHERCK, JJ., concur.