**FRAZIER et al., Appellants,**

v.

**DEPINET et al., Appellees.**

[Cite as *Frazier v. Depinet* (1992), 92 Ohio App.3d 247.]

Court of Appeals of Ohio,
Seneca County.

No. 13–92–14.

Decided Nov. 23, 1992.

*Murray & Murray Co., L.P.A., Thomas J. Murray* and *Nancy L. Ogdon,* for appellants.

*Isaac, Brant, Ledman & Becker, J. Stephen Teetor* and *Douglas C. Boatright,* for appellees Seneca County Board of Commissioners and Seneca County Engineer.

HADLEY, Presiding Judge.

This is an appeal by plaintiffs-appellants, Alice Frazier, Annie Frazier and Howard Frazier (the "Fraziers"), from the judgment of the Common Pleas Court of Seneca County granting summary judgment in favor of defendants-appellees, Seneca County Board of Commissioners and Seneca County Engineer.

On May 6, 1989, Alice and Annie Frazier were riding in a vehicle driven by Daniel Depinet. As Depinet was driving on Township Road 58 at approximately 11:30 p.m., the road curved left then curved back to the right onto a narrow one-lane bridge. When Depinet started to negotiate the right curve at approximately 30 to 35 m.p.h., he lost control of his vehicle and crashed into the one-lane bridge, injuring himself and seriously injuring his passengers (Alice and Annie Frazier).

On January 29, 1991, the Fraziers filed a complaint against Depinet for the accident. Subsequently, on April 15, 1991, the Fraziers amended their complaint to name Eden Township Board of Trustees, Seneca County Board of Commissioners and Seneca County Engineer as additional defendants. The Fraziers alleged that Eden Township, the county commissioners and the county engineer failed to keep the road open, in good repair and free from nuisance. The Fraziers also alleged that the signs before the bridge were misleading and therefore created an unreasonably dangerous condition.

On September 18, 1991, the county commissioners and the county engineer filed a motion for summary judgment. Eden Township filed a motion for

summary judgment on September 23, 1991.[1] On February 28, 1992, the trial court granted summary judgment in favor of the county commissioners and the county engineer. It is from this judgment that the Fraziers now appeal and assert the following three assignments of error:

### Assignment of Error No. I

"The trial court erred by granting summary judgment to the County of Seneca and the Seneca County Engineer because the evidence of record shows that there are genuine issues of material fact as to whether the traffic control system in place at the time of this accident was so misleading and confusing to drivers that reasonable minds could conclude that such traffic control system constituted a nuisance as a matter of law."

### Assignment of Error No. II

"The trial court erred by granting summary judgment to the County of Seneca and the Seneca County Engineer on the grounds that the presence or absence of signs and the warnings by the defendant county was not the proximate cause of the accident, because the evidence of record demonstrates that there are genuine issues of material fact as to whether the nuisance created by the control system in place was a proximate cause of the collision in question."

### Assignment of Error No. III

"The trial court erred by granting summary judgment to the County of Seneca and the Seneca County Engineer because the evidence of record shows that there are genuine issues of material fact as to whether the acts and omissions of Seneca County and the Seneca County Engineer's Office constituted reckless disregard for the safety of plaintiffs."

The county commissioners and county engineer argue that they were entitled to summary judgment as the signs for the bridge are a discretionary governmental decision pursuant to statute and the Ohio Manual of Uniform Traffic Control Devices; therefore, the county commissioners and the county engineer have sovereign immunity. They also argue that even if sovereign immunity is not applicable, the trial court did not err as the bridge was not the proximate cause of the accident.

The party moving for summary judgment has the burden of showing that (1) no genuine issue exists as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one

---

1. Eden Township's motion for summary judgment was overruled by the trial court on March 4, 1992.

conclusion, and that conclusion is adverse to the nonmoving party after construing the evidence in the light most favorable to the nonmoving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.

■ It is undisputed that by statute the Seneca County Board of Commissioners and County Engineer are not responsible for maintaining Township Road 58, but are responsible for the maintenance of the bridge. Appellants argue that the signs to alert drivers of the one-lane bridge posted on Township Road 58 are misleading and dangerous, thereby creating a nuisance. However, appellants base this argument on the fact there were no signs that showed a reverse curve ahead or warning drivers to reduce speed. This argument is without merit as it relates to the county commissioners and the county engineer because they are not the responsible parties for posting of those signs. Appellants have not established that the county commissioners or the county engineer had a duty to warn approaching drivers of the upcoming reverse curve or that they should reduce their speed to safely negotiate the curve.

Appellants then argue that the signs warning of the one-lane bridge were obstructed from view by the surrounding foliage, consequently creating a nuisance by which the county commissioners and county engineer are liable.

■ It is uncontroverted that Township Road 58 was not designated a county road. Therefore, Eden Township had a duty to use reasonable care to ensure that foliage along its roads did not obstruct a driver's view of traffic signs or signals. R.C. 5579.08. See, also, *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St.3d 39, 42, 564 N.E.2d 462, 465. There was no duty upon the county commissioners or the county engineer to ensure the bridge signs were not obstructed by the surrounding foliage. Once again, appellants have failed to demonstrate that the bridge was the proximate cause of the accident.

Appellants argue in their third assignment of error that the acts and omissions of the county commissioners and the county engineer constituted a reckless disregard for their safety. However, appellants do not specifically point out what acts or omissions of the county commissioners or county engineer amounted to a reckless disregard of appellants' safety. Appellants have not shown that the bridge was the proximate cause of the accident or that the bridge was not in good repair. Also, appellants have not shown that the traffic signs for the bridge did not comply with the Ohio Manual of Uniform Traffic Control Devices for Streets and Highways or that the signs alerting drivers of the one-lane bridge were misleading and the cause of the accident. Because appellants have failed to show

that a genuine issue of material fact exists, appellants' three assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHAW and THOMAS F. BRYANT, JJ., concur.