OPINION
Plaintiff-appellant, Maurice R. Skiffey d.b.a. Beneficial Realty Company, appeals a decision of the Mahoning County Common Pleas Court granting summary judgment in favor of defendant-appellee, the City of Youngstown.
Appellant is the owner of real estate at 40 Thornton Avenue, Youngstown, Ohio. On March 14, 1997, appellee inspected the structure at 40 Thornton Avenue and found it to be in an unsanitary condition. On March 17, 1997, a thirty-day demolition notice was issued by appellee to appellant at its last known address (465 Liberty Road, Youngstown, Ohio 44505) as indicated in the Mahoning County Auditor's tax duplicates. The demolition notice was issued by certified mail, regular mail, and advertised in the Youngstown Vindicator for publication for three weeks beginning March 26, 1997 and continuing on April 2, 1997 and April 9, 1997. Appellant denies receiving any notice. On April 4, 1997, the demolition notice mailed to appellant by certified mail was returned to appellee by the United States Post Office marked "unclaimed."
Because appellant failed to repair and/or raze the structure within thirty days as set forth in the demolition notice, appellee commenced proceedings to demolish and raze the structure. Appellee engaged in a bidding process that includes the solicitation of demolition bids for dilapidated structures and awarding contracts for the same.
Appellee placed bids for contracts for the demolition of the structure in July of 1998, following final inspection by appellee's housing inspector/rehabilitation assistant for housing in June of 1998. Appellant claims that he made improvements and repairs to the structure during 1997 and 1998. However, appellee contends that its demolition department never received notice from appellant that he was conducting any renovation, improvements, repairs, or construction works to the structure. A wrecking permit from appellee's division of building inspection was obtained on December 22, 1998 and the structure was demolished on February 12, 1999.
On June 3, 1999, appellant filed a complaint against appellee setting forth a claim for wrongful demolition. The sole basis for appellant's claim was that he allegedly did not receive proper notice. Appellee answered setting forth various denials and defenses.
On December 10, 1999, appellee filed a motion for summary judgment, principally asserting that it provided appellant with lawful notice. Appellant filed a responsive memorandum and appellee followed with a reply.
On February 14, 2000, the trial court filed a judgment entry granting summary judgment in favor of appellee, finding that notice was lawful. This appeal followed.
In his sole assignment of error, appellant argues that the trial court erred in granting summary judgment in favor of appellee. More specifically, appellant argues that genuine issues of material fact existed as to whether appellee unreasonably delayed in demolishing the structure after publishing notice, and as to whether appellee conducted a required final inspection prior to demolition.
An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment is properly granted when: 1) there is no genuine issue as to any material fact; 2) the moving party is entitled to judgment as a matter of law; and 3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. WillisDay Warehousing Co. (1976), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
R.C. 715.26 states:
"Any municipal corporation may:
"* * *
 "(B) Provide for the inspection of buildings or other structures and for the removal and repair of insecure, unsafe, or structurally defective buildings or other structures. At least thirty days prior to the removal or repair of any insecure, unsafe, or structurally defective building, the municipal corporation shall give notice by certified mail of its intention with respect to such removal or repair to the holders of legal or equitable liens of record upon the real property on which such building is located and to owners of record of such property. The owners of record of such property or the holders of liens of record upon such property may enter into an agreement with the municipal corporation to perform the removal or repair of the insecure, unsafe, or structurally defective building. * * *"
In Wallace v. City of Youngstown (May 7, 1985), Mahoning App. No. 84 C.A. 90, unreported, 1985 WL 10438, this court construed the notice provision of R.C. 715.26. This court held that notice by publication was sufficient when notice by mail had been attempted but not completed. In this case, appellant does not take issue with this general principle. Rather, appellant essentially argues that the notice somehow became ineffective or expired due to the two-year time period between its issuance and the destruction of the structure.
Appellant's arguments are without merit. Nothing in R.C. 715.26
requires the municipality to remove the structure within a specified period of time after notice. Also, on the facts of this case, the two-year time period was entirely reasonable. Appellant provided evidence that the demolition process can take up to two years or more because of funding, resources, and the bidding process that the city must employ when it solicits bids for the destruction of dilapidated structures.
There also is no requirement in R.C. 715.26 for a final inspection. Although appellant claims to have made improvements and repairs, he offered no evidence that he entered into an agreement with appellee to make those repairs, as is provided for in R.C. 715.26. Had appellant entered into such an agreement, appellant would have a better argument that appellee had notice of the repairs and that perhaps a new notice to appellant would have been required before demolition.
In sum, construing the evidence most favorably to appellant, reasonable minds could only conclude that notice was adequate and that he had presented no case for recovery from appellee. On the evidence presented no genuine issue of any material fact existed. Appellee therefore was entitled to judgment as a matter of law.
Accordingly, appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.