DECISION
{¶ 1} Relator, The New Victorians, Inc. ("relator"), filed an original action requesting this court issue a writ of mandamus ordering respondents, as commissioners for the Italian Village Commission ("commission"), to issue certificates of appropriateness pursuant to Columbus City Code ("C.C.C.") Section 3116.09 regarding three separate applications. In the alternative, relator requests this court to make the determination that the applications be granted.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided the requested writ of mandamus should be denied and granted the commission's motion for summary judgment. Relator filed objections to the magistrate's decision. Notably, in December 2003, the commission issued certificates of appropriateness for Application No. 02-7-9 (983 N. 6th
Street) and Application No. 02-7-10 (975-977 N. 6th Street). Therefore, the only certificate the commission refuses to issue is Application No. 02-9-1 (149 E. Fourth Avenue). Therefore, the writ of mandamus refers only to this application.
 {¶ 3} In its first objection, relator maintains the plain language of C.C.C. 3116.09(B)(4) mandates that failure to make a determination as to a certificate of appropriateness renders the application automatically granted, unless it would be substantially detrimental to the public welfare or in substantial derogation of the intent and purpose of chapter 3116.[1]
Relator argues that because the commission did not rule on the application at issue before May 5, 2003, and because the evidence of record does not demonstrate substantial detriment or derogation, the application must be granted by default. We disagree.
 {¶ 4} The commission was created due to the residents' desire that their community adhere to certain standards and common characteristics. The commission has discretion in determining whether an application is appropriate. Importantly, as the magistrate correctly noted, the commission considered the application at issue on May 5, 2003, denied it, and stated reasons for the denial.[2] Therefore, the court will not issue a writ of mandamus to force the commission to grant the application when it has determined it should be denied.
 {¶ 5} Further, we find that under C.C.C. 3116.09, the issuance of a certificate is conditioned upon consideration of additional factors, namely the public welfare and intent of C.C.C. chapter 3116. The language of (B)(4) is contrary to relator's argument that there is an automatic right to the certificate if the commission does not act. A contrary reading would render the second part of (B)(4) meaningless. Relator's initiation of legal proceedings against commission members brought about the commission's failure to act on the application in September 2002. Four of the seven commissioners had to recuse themselves due to relator's separate lawsuit against them. Therefore, the commission tabled the application due to lack of a quorum.
 {¶ 6} In its third objection, relator contends the magistrate's decision is erroneous to the extent it relied on the commission's meeting and vote on May 5, 2003. As stated above, the commission met on this date and voted on the application. Relators filed a mandamus action to either get the commission to vote on the applications relator filed, or for the court to grant the applications. For the reasons previously stated, mandamus is inappropriate.
 {¶ 7} In its second objection, relator argues the magistrate's decision is erroneous to the extent it relies on the commissioners' explanation for a lack of quorum. Relator contends that the requirement of a quorum means only that a specific number of members must be present at a particular meeting, not the number of members that must actually vote. Again, for the above reasons, we need not address this issue. However, we note the statute provides as follows: "An affirmative vote by a majority of the members present, but in no case less than a quorum, shall cause issuance of a certificate of appropriateness." C.C.C. 3116.09(C). This provision recognizes that a majority of members present at a meeting may not constitute a quorum, and there must be at least a quorum vote on a certificate.
 {¶ 8} Finally, in its fourth objection, relator simply states it is entitled to summary judgment. We disagree. For the reasons set forth in the magistrate's decision, the commission is entitled to summary judgment.
 {¶ 9} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's findings of fact and conclusions of law. In accordance with the magistrate's decision, the objections to the magistrate's decision are overruled and the requested writ of mandamus is denied.
Objections overruled; writ denied.
BOWMAN and PETREE, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. The New Victorians, Inc., : Relator, : :
v. : No. 02AP-1066 : (REGULAR CALENDAR) :
Steve Hurtt et al., : Respondents. :
 MAGISTRATE'S DECISION Rendered on May 22, 2003 IN MANDAMUS ON MOTIONS
Relator, The New Victorians, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondents, as commissioners for the Italian Village Commission ("commission"), to issue certificates of appropriateness pursuant to Columbus City Code 3116.09 regarding three separate applications which relator has filed with the commission. In the alternative, relator requests that this court make the determination that the applications be granted.
 Findings of Fact
1. Relator is the owner and developer of certain residential real estate property located in the Italian Village neighborhood in the city of Columbus.
2. Pursuant to Columbus City Code ("C.C.C.") 3116.04, prior to constructing, reconstructing, altering, changing the exterior color of, demolishing any property, or making site improvements, the owner must first apply for and obtain a certificate of appropriateness or obtain clearance from the commission.
3. On March 8, 2002, in a separate lawsuit, relator sued four of the seven respondents claiming that they have repeatedly violated R.C. 112.22, and that they are individually and personally liable for violations of the open meetings requirement set forth in the Ohio Revised Code.
4. Relator filed three applications seeking certificates of appropriateness: (1) application number 02-7-9, regarding 983 N. 6th Street; (2) application number 02-7-10, regarding 975-977 N. 6th Street; and (3) application number 02-9-1, regarding 149 E. Fourth Avenue.
5. By letter dated September 16, 2002, relator requested that the respondents named in the March 8, 2002 lawsuit recuse themselves from voting on any further matters involving relator's properties.
6. At the September 17, 2002 meeting of the commission, those four commissioners recused themselves from voting on the applications which are the subject of this litigation.
7. After those commissioners recused themselves, the commission determined that it lacked a quorum to vote on relator's applications and those applications were tabled.
8. Thereafter, relator's applications were not considered by the commission and relator filed the instant mandamus action to either compel the commission to automatically grant the applications or, in the alternative, requesting that this court review the applications and make a determination regarding their appropriateness.
9. Both parties filed motions for summary judgment.
10. This magistrate referred the action to the court's conference attorney hoping that the matter could be resolved. Unfortunately, no settlement could be reached.
11. Thereafter, believing that there were genuine issues as to material facts, this magistrate denied the parties' respective motions for summary judgment.
12. On May 6, 2003, a conference was held with the parties to discuss the procedure to be followed specifically with regard to the evidence.
13. As a result of the conference, it became apparent that the evidence which relator intended to submit was, in this magistrate's opinion, not relevant to the previously filed motions for summary judgment. As such, this magistrate determined that summary judgment, in favor of respondents, was appropriate. It was determined that respondents would renew their motion for summary judgment.
14. On May 5, 2003, the commission considered relator's applications and voted on those applications.
15. This matter is currently before the magistrate on respondents' motion for reconsideration of its motion for summary judgment, and relator's memorandum in response to respondents' motion for reconsideration.
 Conclusions of Law
Pursuant to Civ.R. 56(C), in order to succeed on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue as to any material fact; that the moving party is entitled to judgment as a matter of law; and that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64. For the reasons that follow, this magistrate concludes that respondents are entitled to summary judgment.
Relator's argument in this mandamus action depends upon relator's interpretation of C.C.C. 3116.09. Relator argues that C.C.C. 3116.09 creates a clear legal duty on the part of the area commission to issue a certificate of appropriateness when the commission fails to make a determination as to the appropriateness of an application.
C.C.C. 3116.09 provides, in pertinent part, as follows:
"(B) At the public hearing the commission shall issue a certificate of appropriateness to the applicant if one of the following conditions applies:
"(1) The alteration, construction, site improvement, or demolition is appropriate as defined by the architectural standards in C.C. 3116.11, 3116.12, 3116.13, or 3116.14, respectively, the pertinent typical architectural characteristics and such guidelines as the commission shall have adopted; or
"(2) Although inappropriate such proposal due to unusual and compelling circumstances as defined in C.C. 3116.01 and by C.C. 3116.16 criteria affects only the subject structure and not the listed property or district generally and such certificate may be issued without substantial detriment to the public welfare and without substantial derogation from the intent and purpose of this chapter or of the chapter pertinent to the subject property; or
"(3) Failure to issue such certificate will result in a substantial economic hardship for the applicant * * * and such certificate may be issued without substantial detriment to the public welfare and without substantial derogation from the intent and purpose of this chapter or of the chapter pertinent to the subject property; or
"(4) The commission fails to make a determination hereinbefore prescribed, and the certificate of appropriateness may be issued without substantial detriment to the public welfare and without substantial derogation from the intent and purpose of this chapter or of the chapter pertinent to the subject property."
Relator contends that the above-cited language clearly provides that if the commissioners fail to make a determination on their applications, those applications are automatically granted by operation of law. This magistrate disagrees.
There are some statutes which provide that applications which are not ruled upon by the determining board within a certain time period are automatically granted. For example, R.C. Chapter 3702 provides for Certificates of Need for written approval granted by the director of health to an applicant to authorize conducting a reviewable activity. The director of health is required, by R.C.3702.52(A), to issue rulings on whether a particular proposed project is a reviewable activity. Applications for certificates of need are submitted to the director. The director may conduct a public informational hearing in the course of reviewing any application for a certificate of need, and must do so within a certain prescribed time period. In the case of applications under comparative review, the director is required to grant certificates of need for the entire project if certain conditions are met. Pursuant to R.C. 3702.52(C)(4):
"* * * The director shall grant or deny certificate of need applications for which an adjudication hearing is conducted under division (C)(3) of this section not later than thirty days after the expiration of the time for filing objections to the report and recommendation of the hearing examiner under section 119.09
of the Revised Code. * * *"
Furthermore, R.C. 3702.52(C)(7) specifically provides as follows:
"* * * If the director does not grant or deny the certificateby the applicable deadline specified in division (C)(4) of this section or any extension of it under division (C)(5) of this section, the certificate shall be considered to have beengranted. * * *" (Emphasis added.)
The above-cited language clearly provides that the certificate of need is automatically deemed granted, without consideration of any other factors, if the director does not grant or deny that application within the applicable time period. The C.C.C. provisions at issue herein do not indicate that an application for a certificate of appropriateness is deemed to be automatically granted in the event that the commissioners do not make a determination. Furthermore, in the present case, the commission determined that it did not have quorum to rule on relator's applications specifically because relator requested that four of the members recuse themselves. Because this magistrate finds that C.C.C. 3116.09 does not provide that an application for a certificate of appropriateness is automatically deemed granted when the commission does not make a determination, respondents are entitled to summary judgment as a matter of law.
Furthermore, given the reasons for the creation of commissions such as the Italian Village Commission and the German Village Commission, where the residents desire that their community conform to certain standards and have a certain appearance, this court is not in a position to step into the shoes of the commissioners and make that determination itself.
Based on the foregoing, it is this magistrate's decision that respondents are entitled to judgment as a matter of law because C.C.C. 3116.09 does not provide that relator's applications for certificates of appropriateness should have been deemed automatically granted in the absence of the commission's failure to make a determination. At most, this court could order the commission to consider and vote on relator's applications. The commission did so on May 5, 2003, and this magistrate finds that relator is not entitled to any further relief by way of this mandamus action. As such, respondents are entitled to judgment as a matter of law and this court should dismiss relator's action.
 /s/ Magistrate Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE
[1] C.C.C. 3116.09, "Issuance of certificate" states in pertinent part:
(B) At the public hearing the commission shall issue a certificate of appropriateness to the applicant if one of the following condition applies:
* * *
(4) The commission fails to make a determination hereinbefore prescribed, and the certificate of appropriateness may be issued without substantial detriment to the public welfare and without substantial derogation from the intent and purpose of this chapter orof the chapter pertinent to the subject property.
[2] As stated previously, this opinion deals only with Application No. 02-9-1 since the commission has granted the certificates of appropriateness for the other two applications that were originally part of this mandamus action.