[Cite as *Mason v. Townhouses of Catalpa*, 2013-Ohio-3940.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| HOWARD MASON | : | |
| | : | Appellate Case No. 25643 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 12-CVF-580 |
| v. | : | |
| | : | |
| TOWNHOUSES OF CATALPA | : | (Civil Appeal from |
| | : |  Vandalia Municipal Court) |
| Defendant-Appellee | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on the 13th day of September, 2013.

· · · · · · · · · · ·

DAVID E. STENSON, Atty. Reg. #0042671, 120 West Second Street, 1210 Hulman Building, Dayton, Ohio 45402
     Attorney for Plaintiff-Appellant

SCOTT A. LIBERMAN, Atty. Reg. #0058432, One South Main Street, Suite 1590, Dayton, Ohio 45402
     Attorney for Defendant-Appellee

· · · · · · · · · · · ·

HALL, J.,

{¶ 1}     Howard Mason appeals from the trial court's entry of summary judgment against

him on his amended complaint seeking damages related to the repair of a natural-gas line.

{¶ 2}    In his sole assignment of error, Mason contends the trial court erred in entering summary judgment for the appellee, Townhouses of Catalpa, where genuine issues of material fact exist.

{¶ 3}    The record reflects that Mason owns a unit in the Townhouses of Catalpa, a condominium association. According to his amended complaint, he purchased the unit in March 2011. (Doc. #22 at ¶4). In August 2011, he discovered the unit's natural gas was not working. (*Id*. at ¶6). A Vectren utility technician "determined that there was a blockage in the line between the service line and the connection to the unit." (*Id*. at ¶7). Mason paid to have the line repaired. He then requested reimbursement from Townhouses of Catalpa, which claimed the repair was his responsibility and refused to pay. (*Id*. at ¶8-11). In his amended complaint, Mason sought damages from Townhouses of Catalpa for breach of contract, temporary loss of use of his unit, and a violation of unspecified "Truth in Advertising Laws" with false advertising. (*Id.* at ¶12-24).

{¶ 4}    After Mason failed to respond to requests for admissions, Townhouses of Catalpa moved for summary judgment. (Doc. #30). It presented evidence that the gas-line blockage was not in the common service line that supplied all units. Rather, the blockage was in an underground line connecting Mason's unit to the common line. Townhouses of Catalpa relied on its governing declarations and by-laws to establish that Mason bore responsibility for repairing blockage in the gas line to his unit. Finally, it cited its requests for admissions, which, among other things, sought an admission that Mason had received the declarations and by-laws. Townhouses of Catalpa argued that Mason's failure to respond constituted an admission under Civ.R. 36(A).

{¶ 5}    Mason opposed the motion. (Doc. #34). He argued that discovery remained "ongoing" and that he should be given time to cure his failure to respond to the requests for

admissions. He further argued that the requests for admissions, even if deemed admitted, did not resolve the central issue, namely which party bore responsibility for repairing the blocked line. Finally, Mason argued, without elaboration, that he interpreted the declarations and by-laws differently than Townhouses of Catalpa and that this dispute constitutes a genuine issue of material fact.

{¶ 6} The trial court entered summary judgment for Townhouses of Catalpa. (Doc. #35). It found summary judgment proper "[f]or the reasons stated in Defendant's Motion[.]" We review this grant of summary judgment de novo, which means "we apply the standards used by the trial court," *Brinkman v. Doughty*, 140 Ohio App.3d 494, 497, 748 N.E.2d 116 (2d Dist.2000). Summary judgment is appropriate when a trial court correctly finds "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 7} Mason's assignment of error raises three issues. First, he claims a genuine issue of material fact exists regarding the location of the gas-line blockage. Second, he contends the requests for admissions, even if deemed admitted by his failure to respond, do not establish his responsibility for the repair. Third, he argues that the trial court erred in failing to address the truth-in-advertising claim in his complaint.

{¶ 8} Having reviewed the record, we believe the trial court erred in entering summary judgment for Townhouses of Catalpa. In support of its motion, Townhouses of Catalpa submitted

an authenticated copy of the service-call tag from the Vectren technician who responded to Mason's complaint. The technician diagnosed the problem as "a block in houseline" that was "somewhere underground." (Doc. #30 at Exh. 2). For his part, Mason claimed the blockage was "in the line between the service line and the connection to the unit." (Doc. #22 at 7). The service-call tag and Mason's own allegations support Townhouses of Catalpa's argument that the blockage was in a gas line running from the common service line to Mason's unit. Townhouses of Catalpa persuasively argues in its brief that "[a] blockage between the service line (common line) and connection to the unit can only be in one place–the houseline."

{¶ 9}    From a summary judgment perspective, however, the problem for Townhouses of Catalpa is that nothing in the declarations and by-laws before us establishes Mason's responsibility for the repair. Townhouses of Catalpa argued below, and asserts on appeal, that its governing documents "make an underground houseline the responsibility of the Family Unit owner." (Appellee's brief at 4). Having examined the documents attached to Townhouses of Catalpa's motion for summary judgment, we find no support for this proposition.

{¶ 10}    Townhouses of Catalpa relies on Declarations Article II, Section (A)(2)(a), which reads:

> 2. Family Unit Owner. The responsibility of each Family Unit owner shall be as follows:
>
> (a) To maintain, repair and replace at his expense all portions of his Family Unit, and all internal installations of such Family Unit such as appliances, heating, plumbing, electrical and air conditioning fixtures or installations, and any portion of any other utility service facilities located within the Family Unit boundaries.

(Doc. #30 at Exh. 1).

{¶ 11}   On its face, this provision makes the repair of a gas line (i.e., "utility service") Mason's responsibility *only if* it is located within the boundaries of his Family Unit. Nothing in Article II, Section (A)(2)(a) establishes, however, that the blocked underground gas line at issue *was* within the boundaries of Mason's Family Unit. Resolution of that issue depends on the definition of a Family Unit.

{¶ 12}   Townhouses of Catalpa next relies on Declarations Article I, Section (A)(3), which defines a Family Unit. It reads:

>      (A) <u>Family Units</u>. Each of the Family Units hereinbefore declared and established as a freehold estate shall consist of all the space bounded by the undecorated interior surfaces of the perimeter walls, floors and ceilings of each such Family Unit, including the vestibule, if any, immediately adjacent to each such Family Unit, projected, if necessary, by reason of structural divisions such as interior walls, interior balconies, and other partitions, the dimensions, layouts and descriptions of each such Family Unit being shown on the drawings attached hereto as Exhibit A-1 through A-35, and including, without limitation:
>
> * * *
>
>      (3) All immediately visible fixtures, including, without limitation thereto, built in bathroom cabinets and kitchen cabinets, appliances, utility and service lines, mechanical electrical, plumbing and all other equipment and systems installed for the sole and exclusive use of the Family Unit lying within the bounds of the Family Unit as defined herein, and all heating and air cooling systems and

equipment located within or outside the bounds of the Family Unit as defined herein.

(Doc. #30 at Exh. 1).

**{¶ 13}** This provision defines Mason's Family Unit to include "utility and service lines" that are "installed for the sole and exclusive use of [his] Family Unit" *only if* they are "lying within the bounds of [his] Family Unit." We see no evidence that the blocked underground gas line was lying within the bounds of Mason's Family Unit. We certainly cannot reach such a conclusion as a matter of law. As set forth above, Declarations Article I, Section (A)(3) generally defines a Family Unit as the space bounded by the walls, floors, and ceilings. It includes any utility and service lines within that area. Here the blocked gas line was "somewhere underground" and, therefore, apparently outside the area bounded by Mason's walls, floors, and ceilings. The Vectren technician's service call tag is the only real evidence on the issue.[1] It reads: "Had service on but not getting any pressure to water heater. Somewhere underground is a block in houseline. Will need plumber to find problem on houseline and get a houseline release from the city/county." (Doc. #30 at Exh. 2). This description does not preclude the possibility that the blockage is outside the area bounded by Mason's walls, floors, and ceilings, i.e., outside his Family Unit. We see nothing in the governing documents presented by Townhouses of Catalpa that would make Mason responsible for such a repair.[2]

---

[1] Townhouses of Catalpa also submitted a summary-judgment affidavit from Constance Wills, the condominium-association president. In addition to authenticating the governing documents, she averred that "[t]he Association is not responsible for the repairs to Mr. Mason's unit." (Doc. #30 at Exh. 3). This averment establishes nothing as it is a mere legal conclusion. *See*, *e.g.*, *Brannon v. Rinzler*, 77 Ohio App.3d 749, 756, 603 N.E.2d 1049 (2d Dist.1991) (recognizing that "statements contained in affidavits * * * cannot be legal conclusions").

[2] Parenthetically, we note that Declarations Article I, Section (A)(3) does make an owner responsible for "all heating and air cooling systems and equipment located within or outside the bounds of the Family Unit." Notably absent from Article I, Section (A)(3) is

{¶ 14}   Finally, with regard to Mason's vague truth-in-advertising claim, we note that neither Townhouses of Catalpa nor the trial court specifically addressed it. It appears, however, that the truth-in-advertising claim, like Mason's other two claims, is premised on him not being responsible for the gas-line repair. In moving for summary judgment on the three counts in the amended complaint, Townhouses of Catalpa argued only that Mason was responsible for the repair as a matter of law. Because the trial court erred in adopting this argument, Townhouses of Catalpa did not demonstrate its entitlement to summary judgment on the truth-in-advertising claim or the other claims in Mason's amended complaint.

{¶ 15}   Mason's assignment of error is sustained. The judgment of the Vandalia Municipal Court is reversed, and the cause is remanded for further proceedings.

. . . . . . . . . . . . .

DONOVAN and CELEBREZZE, JJ., concur.

(Hon. Frank D. Celebrezze, Jr., Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

David E. Stenson
Scott A. Liberman
Hon. Cynthia M. Heck

---

similar language making an owner responsible for utility and service lines located outside the bounds of the Family Unit.