[Cite as *McDaniel v. Vizi*, 2016-Ohio-3096.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Mark McDaniel, et al.                    Court of Appeals No. OT-15-045

      Appellees                    Trial Court No. 14CV035

v.

Charles Vizi, et al.                    **DECISION AND JUDGMENT**

      Appellants                    Decided:  May 20, 2016

* * * * *

Kenton P. Weis, for appellees.

Stephen E. Cottrell, for appellants.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendants-appellants, Charles and Deanna Vizi, appeal the November 5, 2015 judgment of the Ottawa County Court of Common Pleas which granted summary judgment in favor of plaintiffs-appellees, Mark and Patricia McDaniel.  For the reasons set forth herein, we affirm.

{¶ 2} The parties are owners of adjoining residential lots. Appellant Deanna Vizi operates a day care on appellants' property. In about September or October of 2003, the Ottawa County Department of Children's Services required appellants to construct a fence separating appellants' property from appellees' property as appellees had recently constructed a swimming pool. Appellants did not have a survey done and relied upon the village of Genoa's zoning inspector's approval of the location set by the contractor's markings of the area. Appellee Mark McDaniel states that he believed the fence encroached on his property marginally but lacked the financial resources to take any action at that time due to medical expenses.

{¶ 3} In April of 2013, appellees hired a licensed surveyor to determine the property lines. After surveying the property, the surveyor informed appellees that appellants' fence did encroach upon appellees' property by 1.68 feet on the west side and 2.23 feet on the east side. Appellees presented appellants with a copy of the survey and asked that the fence be moved. Appellants refused and appellees commenced this action on January 30, 2014, requesting that the court order appellants to remove the fence and enjoin them from further use of the land. Appellants filed an answer and counterclaim in which they alleged belief that appellees' pool was erected in violation of local zoning ordinances.

{¶ 4} Appellees filed a motion for summary judgment which included the surveyor's report demonstrating that the fence encroached on their property. Appellants also filed for summary judgment on the basis that the doctrine of laches should prevent

2.

appellees from bringing a claim. On November 5, 2015, the trial court granted appellees' summary judgment motion finding that the survey established sufficient Civ.R. 56 evidence of encroachment and that appellants failed to provide any conflicting evidence. Further, as to laches the court concluded that appellants failed to show that the delay in commencing the lawsuit prejudiced them. This appeal followed with appellants raising the following assignment of error:

> Assignment of Error No. 1: The trial court erred in granting summary judgment for Plaintiffs.

{¶ 5} The standard of review on motions for summary judgment is de novo; that is, an appellate court applies the same standard in determining whether summary judgment should be granted as the trial court. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56, to prevail on a motion for summary judgment the moving party must demonstrate:

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 6} In their sole assignment of error, appellants contend that the trial court erroneously granted summary judgment in favor of appellees because issues of fact remained regarding the property line; the affidavit of the surveyor was not "uncontroverted" evidence. Appellants claimed that the only uncontroverted evidence was the fact that the fence was erected, by agreement by the parties and thought to be on the property line for 12 years. In support, appellants attached the affidavit of appellant Deanna Vizi which stated that the contractor's marking of the location of the fence was approved by the zoning inspector and approved by appellees.

{¶ 7} Reviewing de novo the Civ.R. 56(C) materials filed in the trial court, we must conclude that the trial court did not err when it granted appellees' motion for summary judgment. The surveyor's affidavit and attached report established the property line. Appellants then had a reciprocal burden to present evidence under Civ.R. 56(E). The conclusory statements in appellant Deanna Vizi's affidavit are not sufficient to raise an issue of fact. *See Oster v. Crais*, 5th Dist. Licking No. 01CA39, 2001 WL 1673608 (Dec. 31, 2001) (surveyor's affidavit establishing the property line and failure of opposing party to present a conflicting survey supported the court's award of summary judgment.) Based on the foregoing, we find that because no genuine issue of fact remains for trial, appellants' assignment of error is not well-taken.

4.

**{¶ 8}** On consideration whereof, we find that substantial justice has been done the parties complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed.  Pursuant to App.R. 24, appellants are ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.           _____
JUDGE

Arlene Singer, J.          

Stephen A. Yarbrough, J.         _____
CONCUR.                                      JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.