[Cite as *Home City Fed. Savs. Bank v. Becraft & Sons Gen. Contrs., Ltd.*, 2013-Ohio-4945.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK    COUNTY

HOME CITY FEDERAL SAVINGS : 
BANK : Appellate Case No.   2013-CA-30
 :
Plaintiff-Appellee : Trial Court Case No. 12-CV-34
 :
v. :
 :
BECRAFT & SONS GENERAL : (Civil Appeal from
CONTRACTORS, LTD., et al. :  Common Pleas Court)
 :
Defendant-Appellants :
 :

. . . . . . . . . . .

# O P I N I O N

Rendered on the 8th day of November, 2013.

. . . . . . . . . . .

W.D. SHANE LATHAM, Atty. Reg. #0039771, 4 West Main Street, Suite 723, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

MICHAEL T. GUNNER, Atty. Reg. #0002078, 3535 Fishinger Boulevard, Suite 220, Hilliard, Ohio 43026
      Attorney for Defendant-Appellants

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}    Richard and Jane Becraft appeal from the trial court's entry of summary

judgment against them on appellee Home City Federal Savings Bank's complaint seeking judgment on a note and foreclosure on a mortgage.

{¶ 2} In their sole assignment of error, the Becrafts contend the trial court erred in entering summary judgment against them where genuine issues of material fact exist for trial. For its part, Home City has not filed an appellee's brief.

{¶ 3} The record reflects that Becraft & Sons General Contractors, Ltd. ("Becraft & Sons") obtained a business loan from Home City in 2002. The loan was evidenced by a promissory note. Richard and Jane Becraft personally guaranteed the $387,000 loan in writing. They also granted Home City a mortgage on their personal residence and on various business properties to secure the loan. Thereafter, Becraft & Sons defaulted. At some point, the Becrafts had their personal obligation on the debt discharged through Chapter 7 bankruptcy. Pursuant to a security agreement with Becraft & Sons, Home City repossessed certain assets of the business and sold them.

{¶ 4} In January 2012, Home City commenced the present action, seeking a judgment against Becraft & Sons for the remaining balance under the promissory note, a judgment in rem against the Becrafts, and foreclosure of the mortgage on the Becrafts' residence. (Doc. #1). Home City later moved for summary judgment on its claims. It supported the motion with evidentiary materials including two affidavits. The Becrafts opposed the motion and provided an affidavit from Richard Becraft.[1] The trial court sustained Home City's motion in a one-page ruling. (Doc. #17). It then entered judgment in favor of Home City. (Doc. #18). The judgment entry indicated

---

[1] It is unclear whether Becraft & Sons was a party to the memorandum opposing summary judgment. In any event, the present appeal has been filed only by Richard and Jane Becraft personally. Becraft & Sons is not a party to the appeal. (*See* Doc. #22).

that the note was in default and that the balance due on the note was $278,513.67 plus accruing interest. It included a judgment against Becraft & Sons on the note and a judgment in rem against the Becrafts.[2] It also foreclosed the mortgage and authorized a sheriff's sale of the Becrafts' residence.

{¶ 5}     On appeal, the Becrafts assert that the trial court erred in entering summary judgment against them for two reasons. First, they claim a factual dispute exists regarding whether Home City's liquidation of the business assets, which could reduce the balance due, was done in a commercially reasonable manner. Second, they contend summary judgment on the mortgage foreclosure was improper because of the factual dispute regarding the balance owed on the note.

{¶ 6}     We review a grant of summary judgment de novo, which means "we apply the standards used by the trial court." *Brinkman v. Doughty*, 140 Ohio App.3d 494, 497, 748 N.E.2d 116 (2d Dist.2000). Summary judgment is appropriate when a trial court correctly finds "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

---

[2]There was no personal judgment against the Becrafts on the note despite their guarantee. In its ruling, the trial court recognized that their personal obligation on the note had been discharged through Chapter 7 bankruptcy. (Doc. #12 at 3).

{¶ 7} In support of its summary-judgment motion, Home City provided an affidavit from Don Lynam, its executive vice-president. He averred that the balance due on Becraft & Sons' promissory note was $284,238.29 with interest accruing at a rate of $50.22 per day. He also averred that the note was in default due to non-payment. Finally, he authenticated a copy of the note and mortgage. (Lynam affidavit, attached to Doc. #12). Home City also provided an affidavit from Mike McCarty, a co-owner of Dan's Towing & Recovery, Ltd. He averred that Home City hired his company to clean up and remove property from Becraft & Sons' premises. According to McCarty, the process took three weeks. Attached to his affidavit was a list of services provided and a list of "missing items that were previously viewed" at the premises but that "were removed by persons unknown prior to [Dan's Towing] beginning work[.]" McCarty also itemized the cost of the clean up, which totaled $24,126. He averred that proceeds from the sale of scrap metal removed from the premises totaled $19,083.50. (McCarty affidavit, attached to Doc. #12).[3]

{¶ 8} Along with their memorandum opposing summary judgment, the Becrafts provided an affidavit from Richard Becraft. (Doc. #13). Attached to his affidavit were lengthy lists of items he claimed had been at the business location, secured in a fenced area, and had remained there during the three-week period that Dan's Towing performed its work. The lists included hundreds of items including tools, power equipment, construction materials, and other things of value. Richard Becraft further averred as follows:

3. Defendant says that employees or agents of Dan's [T]owing were

observed removing and carrying off all of said property or misappropriating said

---

[3]Although the cost of the clean-up work exceeded the proceeds from the sale of the scrap metal by approximately $5,000, the record reflects that Dan's Towing forgave the difference. (*See* Doc. #12, McCarty affidavit attachments).

items or disposing of items into the garbage and further Defendant has photos of said transactions and of other towing company being present and hauling things away.

4. Further Defendant has other parties who were advised by Dan's Towing to take what they wanted of my property.

5. Defendant further says he received no notice of proposed sale of said items by Dan's Towing nor was he ever advised of any auction or the alleged results of a proposed sale by Dan's Towing.

6. Defendant further says that he believes the reasonable wholesale or liquidation value of all of the items on the attached lists (pages 1 through 9) was in excess of $100,000 which should have been credited toward Defendant's account with Plaintiff.

(*Id.*).

**{¶ 9}** Home City responded to the foregoing allegations by filing a second affidavit from McCarty. (Doc. #15). Therein, he asserted that most of the items mentioned by Richard Becraft were neither viewed nor removed by representatives of Dan's Towing. He admitted that some items mentioned by Richard Becraft may have been present and removed by representatives of Dan's Towing but insisted that those items either had no resale value or would not have sold for enough to offset the cost of selling them. He also admitted seeing other items mentioned by Richard Becraft but claimed someone else had removed them before Dan's Towing started its work. Finally, McCarty averred: "It appeared to me that all items of resale value were removed prior to our beginning the clean up and all that was left was 'garbage' or had no resale value."

(*Id.*).

{¶ 10} Having reviewed the parties' evidentiary materials, and construing those materials in a light most favorable to the Becrafts, we find a genuine issue of material fact as to the disposition of Becraft & Sons' business assets. The materials attached to McCarty's first affidavit indicate that Dan's Towing removed trash and scrap metal from the subject property, selling the scrap metal for $19,083.50. McCarty's second affidavit essentially states that nothing else on the premises had any positive resale value. On the other hand, Richard Becraft's affidavit states that hundreds of items—including specifically identified tools, power equipment, construction materials, and other things of value—were secured in a fenced area and remained there during the time that Dan's Towing performed its work. Richard Becraft averred "that employees or agents of Dan's [T]owing were observed removing and carrying off all of said property or misappropriating said items * * *." He opined that "the reasonable wholesale or liquidation value of all of the items * * * was in excess of $100,000[.]"

{¶ 11} In our view, the parties' conflicting averments establish a factual dispute regarding what happened to the business assets.[4] If Home City in fact hired a company, Dan's Towing, that misappropriated assets worth in excess of $100,000, Becraft & Sons may be entitled to have the loss offset against its obligation under the note it signed.[5]

---

[4] We question whether the Becrafts have raised the disposition of collateral in the proper case. Their pleadings suggest that the collateral was disposed of between December 2011 and February 2012, apparently as a result of the foreclosure and collection action against their corporate business in the companion Clark County Case # 12-CV-33. We take no position on whether the issue of commercial reasonableness of disposition of corporate collateral should have been raised in that case, and for purposes of our decision, we assume it was properly raised in case #12-CV-34.

[5] Although the Becrafts complain about not knowing the manner in which the disputed items "were advertised and sold," Home City's position is that Dan's Towing only removed trash and scrapped some metal. (*See* Doc. #12 at McCarty affidavit and attachments).

{¶ 12} It does not follow, however, that the trial court erred in entering summary judgment against the Becrafts on Home City's complaint for foreclosure, which is the issue before us. In its judgment, the trial court found Becraft & Sons in default on the note in the amount of $278,513.67 plus accruing interest. The Becrafts do not dispute the existence of a default. Under the terms of the note, the default accelerated the balance due on the loan. Even if we accept Richard Becraft's averment that Home City is responsible for misappropriation of assets worth approximately $100,000, and that a corresponding offset should be applied to the balance on the note, an accelerated debt of roughly $178,000 still remains unpaid. In light of the default and that undisputed debt, we see no reason why the trial court could not order foreclosure on the mortgage securing the debt—even assuming, arguendo, that Richard Becraft's claim about misappropriation of the business assets is true.

{¶ 13} The existing genuine issue of material fact about disposition of the business assets at most may affect distribution of the proceeds following a sale of the Becrafts' residence. If a sheriff's sale results in proceeds to Home City of less than roughly $178,000 (which the Becrafts implicitly admit remains unpaid even after the desired offset), then any misappropriation of Becraft & Sons' assets essentially would be immaterial to them personally. This is so because the Becrafts' Chapter 7 bankruptcy precludes Home City from obtaining a deficiency judgment against them based on their personal guarantee. Once Home City forecloses and sells the Becrafts' residence, it has no further recourse against them. Therefore, if that sale nets proceeds

Home City does not claim to have sold the hundreds of items mentioned in Richard Becraft's lists. Rather, it claims that most of those items were not present when Dan's Towing performed its work and that others were junk. In our view, then, the real issue is what happened to the hundreds of items mentioned in Richard Becraft's lists. Even a cursory review of the lists demonstrates that the items identified there should have significant resale value.

less than roughly $178,000, it matters not from the Becrafts' perspective whether Becraft & Sons, the company, owes approximately $278,000 on its note or only $178,000.[6] On the other hand, if a sheriff's sale of the Becrafts' residence results in net proceeds exceeding roughly $178,000, then Richard Becraft's claim about misappropriation of company assets may affect distribution of the sale proceeds. In such a case, the Becrafts might be entitled to a portion of the proceeds, depending on how much of an offset, if any, due to misappropriation of assets is proven. For present purposes, we need not resolve that issue.

{¶ 14} The only judgment entered below against the Becrafts was one in rem ordering foreclosure on their mortgage and authorizing a sheriff's sale of their residence. Although the existing factual dispute about misappropriation of the business assets may affect the balance owed by Becraft & Sons on its note, the undisputed evidence establishes that the note remains in default and that an accelerated debt thereon remains unpaid. The default and existing debt entitled Home City to foreclose on the mortgage and sell the real estate securing the debt. Therefore, we see no reversible error in the trial court's entry of summary judgment against the Becrafts on Home City's complaint in foreclosure.

{¶ 15} We stress that our affirmance of the trial court's judgment should not be construed as precluding the Becrafts from later returning to the trial court to argue for an offset against the balance due under the promissory note. The judgment we are affirming found Becraft & Sons in default on its promissory note and found that the amount "due and owing to the Plaintiff on said note" was $278,513.67 plus accruing interest. (Doc. #18). We wholly agree with that determination, which Becraft & Sons has not challenged on appeal. However, if it later

---

[6] In this regard, we note that the Becrafts valued their residence at $150,000 in their Chapter 7 filings in federal court.

appears that the sale price of the Becrafts' personal residence plus the value of the allegedly misappropriated business assets reasonably might exceed the roughly $278,000 due under the promissory note, the trial court must resolve the issue regarding the misappropriation-of-business-assets issue prior to authorizing distribution of any sheriff's sale proceeds.

{¶ 16}   The judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN, P.J., and DONOVAN, J., concur.

Copies mailed to:

W.D. Shane Latham
Michael T. Gunner
Hon. Douglas M. Rastatter