[Cite as *Sacksteder v. Senney*, 2014-Ohio-2678.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| PAUL L. SACKSTEDER, et al. | : | |
| | : | Appellate Case No. 25892 |
| Plaintiffs-Appellants | : | |
| | : | Trial Court Case No. 10-CV-6813 |
| v. | : | |
| | : | |
| JEFFREY S. SENNEY, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of June, 2014.

. . . . . . . . . . .

JOHN J. MUELLER, Atty. Reg. #0012101, John J. Mueller, LLC, 632 Vine Street, Suite 800, Cincinnati, Ohio 45202-2441
        Attorney for Plaintiffs-Appellants, Paul L. Sacksteder & Circle Business Services, Inc., dba EXTRAhelp Staffing Services

NEIL F. FREUND, Atty. Reg. #0012183, and LINDSAY M. JOHNSON, Atty. Reg. #0077753, Freund, Freeze & Arnold, Fifth Third Center, 1 South Main Street, Suite 1800, Dayton, Ohio 45402-2017
        Attorneys for Defendants-Appellees, Jeffrey S. Senney, Paul E. Zimmer,
        Andrew C. Storar, Gerald L. McDonald, and Pickrel, Schaeffer and
        Ebeling Co., L.P.A.

. . . . . . . . . . . . .

HALL, J.,

{¶ 1} Plaintiffs, Paul Sacksteder and Circle Business Services, Inc., doing business as EXTRAhelp Staffing Services, appeal the entry of summary judgment for Defendants, Pickrel, Schaeffer and Ebeling Co., L.P.A. and four of its attorneys, on claims of replevin, conversion, and breach of fiduciary duty. Plaintiffs filed this action against their former attorneys because, though Defendants gave Plaintiffs copies of the papers and documents contained in Plaintiffs' case files, they refuse to give Plaintiffs the *originals*. Because under the circumstances of this case we conclude that Plaintiffs have no right to the originals, we affirm.

## I. FACTS

{¶ 2} Sacksteder owned EXTRAhelp. For many years, Sacksteder relied on attorneys at Pickrel Schaeffer to represent him and his company in various legal matters and to give him legal advice. But the parties had a falling out, and in March 2010, Sacksteder (which we now use to refer to both of the plaintiffs) filed an action against Pickrel Schaeffer (which we now use to refer to all of the defendants), and others, claiming legal malpractice, breach of fiduciary duties, participation in the breach of fiduciary duties, disclosure of trade secrets, misappropriation of trade secrets, conversion of trade secrets, and tortious interference with business.

{¶ 3} In its work for Sacksteder, Pickrel Schaeffer created and maintained various "case files" to hold relevant papers and documents. After Sacksteder filed the action against Pickrel Schaeffer, his attorney sent Pickrel Schaeffer's attorney a letter demanding the originals of the contents of all these case files–without limitation as to whether or not they were relevant to Sacksteder's action. Sacksteder's attorney acknowledges, in the letter, that Pickrel Schaeffer may keep a copy of the case files but instructs Pickrel Schaeffer not to give a copy to anyone else or

allow anyone else access to them.

{¶ 4} Sacksteder made the demand outside the discovery process–an "extra-discovery demand"–to preserve confidentiality and to protect any attorney-client privilege or work-product rights. Pickrel Schaeffer had a problem with Sacksteder demanding potentially discoverable documents without informing the other parties.[1] It did not object to the demand so much as to Sacksteder's insisting that it not turn over the case files to other parties as part of discovery. As Pickrel Schaeffer's attorney put it in an email to Sacksteder's attorney, she was "not comfortable turning documents over to you in a pending case without other parties' knowledge of same or permitting our clients to basically agree not to comply with the Civil Rules on discovery."

{¶ 5} In August 2010, Sacksteder filed a separate action against Pickrel Schaeffer (the present action), claiming replevin, conversion, and breach of fiduciary duty, based on Pickrel Schaeffer's refusal to hand over the original case files. At a pre-trial conference, the trial judge suggested that Pickrel Schaeffer give Sacksteder a copy of the case files, which it did. In December, the trial court ordered that "[t]he original [case] file is to remain securely maintained at the offices of defendants' counsel" and that "the copy will be substituted for use at trial the same as the original might have been used and considered." Corrected Entry of December 15, 2010 (Feb. 17, 2012). The court noted that "neither party can show any difference in the

---

[1]"My concern (and that of my clients) is that you are asking for discovery without informing the other side. This is contrary to the Civil Rules and whether you are entitled to it or not, it puts me and my client in a various [sic] precarious situation. I am sure you understand our concern. My clients will not agree to sign anything prohibiting them from turning over discovery to a party in this pending case (page 2 of your letter). Such decision is for the Court. Your client's interests in confidentiality, etc. are not harmed by issuing a formal discovery request putting all parties on notice of your request. Then, if the parties so choose, they can decide to challenge your arguments (that they are not entitled to the documents) in Court before we turn over any documents or before they are provided to the other side." (July 19, 2010 email).

underlying evidentiary value between the original file and its copy." Corrected Entry of December 15, 2010 (Feb. 17, 2012).

{¶ 6}   In April 2012, Pickrel Schaeffer moved for summary judgment on all of Sacksteder's claims, and Sacksteder moved for summary judgment on his replevin and conversion claims. In August 2013, the trial court granted Pickrel Schaeffer's motion (and denied Sacksteder's) and entered judgment for it on each of the claims.

{¶ 7}   Sacksteder appealed.

## II. ANALYSIS

{¶ 8}   Sacksteder assigns three errors to the trial court–one error for each of his claims. Summary judgment should be entered if the moving party shows "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Here there is no issue as to any material fact. The only issue is whether Pickrel Schaeffer is entitled to judgment as a matter of law on Sacksteder's three claims.

{¶ 9}   An element common to Sacksteder's claims of replevin, conversion, and breach of fiduciary duty is his right to the original papers and documents in the case files. We conclude that although Sacksteder has a right to documents or materials he has provided to the attorneys, and a right to information in and copies of other documents in his files, without expense, he does not have a right to the original papers or documents in Pickrel Schaeffer's case files.

{¶ 10}   A client has the right to any original paper or document that he gave the lawyer because these are the client's personal property. Here, there are no such papers or documents in the case files. According to the trial court, it is "undisputed that none of the documents in defendants' possession include any original documents or papers which had been previously provided to defendants by plaintiffs." Opinion and Judgment Entry, 4 (Aug. 2, 2013).

{¶ 11}   A client also has the right to any original paper or document that is reasonably necessary to the client's representation. When a lawyer stops representing a client, Rule of Professional Conduct 1.16 requires the lawyer to take steps to protect the client's interest. One of these steps is "delivering to the client all papers and property to which the client is entitled." Prof.Cond.R. 1.16(d). "Client papers and property" are those items "*reasonably* necessary to the client's representation," which "may include correspondence, pleadings, deposition transcripts, exhibits, physical evidence, [and] expert reports." (Emphasis sic.) Prof.Cond.R. 1.16(d). One could infer from a comment to the rule that it is the originals of the reasonably necessary items that must be returned, saying that "[c]lients receive no benefit from a lawyer keeping a copy of the file and therefore can not be charged for any copying costs." Official Comment 8A, Prof.Cond.R. 1.16. Here, there is no *original* paper or document that is demonstrated to be necessary to Sacksteder's representation. According to the trial court, "neither party can show any difference in the underlying evidentiary value between the original file and its copy * * *." Corrected Entry of December 15, 2010 (Feb. 17, 2012).

{¶ 12}   As to any other original paper or document in the case files, Sacksteder fails to convince us that he either owns it or has the immediate right to possess it. We note that there is ongoing litigation and that the content of the case files could be in question. Also, we suspect that

some of the documents in the case files were created, and are stored, electronically and therefore may have no physical form. An electronic document has no single original–an "original" is any printed copy. *See* Evid.R. 1001(3) (providing that the "original" of an electronic document is any readable output that accurately reflects the data in the electronic document).

{¶ 13} The trial court said, in its summary-judgment opinion, that "[i]t is undisputed that defendants have delivered to plaintiffs true and accurate photocopies of the case files created and held by defendants in their legal representation of plaintiffs." Opinion and Judgment Entry, 4 (Aug. 2, 2013). Sacksteder fails to prove that he is entitled to any *original* paper or document in the case files. Pickrel Schaeffer therefore is entitled to judgment as a matter of law on Sacksteder's claims, making the trial court's entry of summary judgment correct with respect to each claim because Sacksteder's claims are dependent upon a determination that he is the owner of the documents, which we reject.

{¶ 14} All three of the assignments of error are overruled.

{¶ 15} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FAIN, and WELBAUM, JJ., concur.

Copies mailed to:

John J. Mueller
Neil F. Freund
Lindsay M. Johnson

Hon. Charles S. Wittenberg
(sitting for Judge Michael Tucker)