[Cite as *Wilson v. Evans Motorworks Ohio, L.L.C.*, 2021-Ohio-1435.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| ANTHONY L. WILSON | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28839 |
| | : | |
| v. | : | Trial Court Case No. 2018-CV-2402 |
| | : | |
| EVANS MOTORWORKS OHIO, LLC, et al. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of April, 2021.

. . . . . . . . . .

CHARLES A. CLAYPOOL, Atty. Reg. No. 0020855, 130 West Second Street, Suite 1900, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellant

STEVEN C. DAVIS, Atty. Reg. No. 0065838, 3074 Madison Road, Cincinnati, Ohio 45209
    Attorney for Defendant-Appellee, Evans Motorworks Ohio, LLC

. . . . . . . . . . . .

HALL, J.

{¶ 1} Anthony L. Wilson appeals the trial court's entry of summary judgment for Evans Motorworks Ohio, LLC on his bailment claim. Wilson alleged that Evans Motorworks improperly released his car to someone else and he had not been able to recover it. But Wilson was not the owner of the car, so he had no claim against Evans Motorworks. Therefore we affirm.

## I. Factual and Procedural Background

{¶ 2} In August 2016, Wilson bought a car for $10,000. Wilson took possession, but the car was titled in the name of his friend, Sayed Villanueva. This was done to hide the asset because Wilson owed $42,000 in child support.

{¶ 3} On December 8, 2017, Villanueva died. The title to the car was still in his name. Wilson claimed he was authorized to transfer the car through the use of a power of attorney (POA) purportedly signed by Villanueva and notarized on December 6, 2017. Wilson obtained a title in his name on December 26, when he presented a title with the "Assignment of Ownership" portion on the back completed and with Wilson listed as the buyer of the car for a purchase price of $1,700. This assignment was purportedly signed by Villanueva on December 26, 2017, three weeks after he died. The person who notarized Villanueva's December 26 signature on the assignment of title was the same person who had notarized the POA.

{¶ 4} In January 2018, Wilson took the car to Evans Motorworks for repairs to the brake system. Once the work was complete, Wilson left the car at Evans Motorworks for about a month. When he tried to pick it up, the car wasn't there. An Evans Motorworks employee told Wilson that his girlfriend had picked it up. At the time, Wilson did not know

who that would be.[1] A police report was filed that led to an investigation by the Bureau of Motor Vehicles (BMV).

{¶ 5} On May 29, 2018, Wilson filed a complaint in bailment against Evans Motorworks seeking damages for the car. Wilson alleged that he was the owner of the car, that Evans released the car to someone else, and that he had not been able to recover it.

{¶ 6} While the case was pending, the BMV completed its investigation, and the investigator issued a letter, dated August 30, 2018, stating her findings and conclusions. The investigator found that Villanueva's signatures on the two POAs used to transfer title to the car after his death were forged and that his signature was also forged on two other titles. The same person had notarized all four titles and the notary admitted to the investigator that Villanueva was not present when she notarized the documents, contrary to notary rules and regulations. Upon learning this, the BMV cancelled the fraudulent titles.

{¶ 7} Evans Motorworks moved for summary judgment, arguing that Wilson's claim must fail as a matter of law because Wilson had no ownership interest in the car. The Estate of Sayed Villanueva filed a memorandum in support. A magistrate issued a decision recommending that summary judgment be entered for Evans Motorworks. Wilson filed objections with the trial court, arguing that a genuine issue of material fact existed as to whether Evans Motorworks acted with ordinary care when it released the

---

[1] The person to whom the car was released turned out to be Tawana Calloway, who had been Villanueva's fiancée. It appears that on the same day that Wilson transferred the title into his own name, about an hour earlier, Calloway transferred the title into her name using a different POA, which was purportedly signed by Villanueva on December 1, 2017.

car to Calloway.

{¶ 8} On June 9, 2020, the trial court overruled Wilson's objections and entered summary judgment for Evans Motorworks. The court found that the attempts Wilson had made to transfer title after Villanueva's death were invalid, meaning that Wilson did not own the vehicle at the time of the alleged bailment and therefore had no claim against Evans Motorworks.

{¶ 9} Wilson appeals.[2]

## II. Analysis

{¶ 10} The sole assignment of error alleges:

The Trial Court erred by granting Defendant Evans Motorworks' Motion for Summary Judgment in that multiple issues of material facts exist in the case that warrant the matter being tried. Reasonable minds could differ thus making Summary Judgment improper.

{¶ 11} Under Civ.R. 56, summary judgment is proper where: (1) a case presents no genuine dispute as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion, which is adverse to the non-moving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d

---

[2] On March 8, 2021, we issued an order for the parties to this appeal to show cause whether the judgment on appeal was a final appealable order. We noted that Evans Motorworks' counterclaims for declaratory judgment, indemnity and replevin were not directly ruled upon in the judgment. However, we said that those claims could be moot, given the judgment holding that the Estate of Sayed Villanueva was entitled to control disposition of the car. Wilson and Evans Motorworks filed responses indicating that the counterclaims were moot. We agree. The trial court's judgment, by its terms, rendered the counterclaims moot, and the judgment on appeal is a final appealable order.

46 (1978). Wilson contends that there were genuine issues of material fact regarding bailment as well as whether a purchase-money trust was created that gave him an ownership interest in the car.

*Bailment*

**{¶ 12}** " 'A bailment has been defined as the delivery of goods or personal property by one person to another in trust for a particular purpose, with a contract, express or implied, that the property shall be returned once the purpose has been faithfully executed.' " *KeyBank Natl. Assn. v. Mazer Corp.*, 188 Ohio App.3d 278, 2010-Ohio-1508, 935 N.E.2d 428, ¶ 31 (2d Dist.), quoting *Collins v. Click Camera & Video, Inc.* , 86 Ohio App.3d 826, 830, 621 N.E.2d 1294 (2d Dist.1993). In order to create a bailment, the bailor—the person delivering the property—has to own the property first. *Id.* at ¶ 41. "[P]ossession of property creates a rebuttable presumption of ownership." *Id.* at ¶ 40.

**{¶ 13}** Here, at the time the alleged bailment was created between Wilson and Evans Motorworks, Wilson had possession of the car, but he did not own it. The evidence established that Wilson's title was fraudulently procured. The car was titled in Villanueva's name, making his estate the only entity that could have properly transferred title to the vehicle. We need not decide whether Evans Motorworks should have released the car to Calloway, whose title was also fraudulently procured. The claim in this case was by Wilson against Evans Motorworks, and because it is clear that Wilson did not own the car, he cannot recover damages for its loss from Evans.

*Purchase-money trust*

**{¶ 14}** Wilson also asserts—without a supporting argument—that there was a genuine issue of material fact as to whether he owned the car under a purchase-money

trust. The magistrate found that no trust had been created. Wilson objected to this finding, but the trial court did not address it.

{¶ 15} "A purchase-money trust arises where title to property is transferred to one person, but the purchase price is paid by another. Such a situation raises an inference that the title-holder is not intended to possess a beneficial interest in the property." (Citation omitted.) *Gabel v. Richley*, 101 Ohio App.3d 356, 364, 655 N.E.2d 773 (2d Dist.1995). But "there is no resulting trust where title is taken in the name of another in order to hinder, delay, or defraud existing creditors." 91 Ohio Jurisprudence 3d, Trusts, Section 227, citing *Vanzant's Lessee v. Davies' Heirs*, 6 Ohio St. 52, 1856 WL 21 (1856) (holding that no trust resulted where real property was conveyed for the fraudulent purpose of defrauding creditors). The Restatement of Trusts states the same principle: no resulting trust arises in favor of the person who paid if "the transfer is made to accomplish an unlawful purpose." Restatement of the Law 3d, Trusts, Section 9(1)(b) (2003). According to Comment g, "[t]he most frequent applications of the principle * * * involve situations in which the purchaser of property takes title in the name of another for the purpose of defrauding creditors of the former."

{¶ 16} Such is the situation here. The magistrate correctly found that no purchase-money trust was created because the arrangement between Wilson and Villanueva was for an unlawful purpose. Wilson admitted in his deposition that he had the car put in Villanueva's name to hide the asset because he owed child support.

{¶ 17} Moreover, even if there were no fraudulent purpose behind Wilson's titling the vehicle in Villanueva's name and a purchase-money trust had been formed, it would be a trust where Villanueva held the vehicle in trust for the benefit of Wilson. A claim to

resolve that beneficial ownership question would have been between Wilson and Villanueva, or now Villanueva's estate, not between Wilson and Evans Motorworks.

{¶ 18} The sole assignment of error is overruled.

### III. Conclusion

{¶ 19} The trial court properly entered summary judgment for Evans Motorworks. The judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, P. J. and DONOVAN, J., concur.

Copies sent to:

Charles A. Claypool
Steven C. Davis
William R. Miller
Tawana Calloway
Hon. Dennis J. Adkins